IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

REGINO REYES,

                      Petitioner,

vs.                            Civil Action No.
                                        9:01-CV-1472 (NAM/DEP)

JOSEPH COSTELLO, Superintendent of
Mid-State Correctional Facility,

                      Respondent.

APPEARANCES:                        OF COUNSEL:

FOR PETITIONER:

REGINO REYES, *Pro Se*

FOR RESPONDENT:

HON. ELIOT SPITZER                MARIA MORAN, ESQ.
Attorney General of the               Assistant Attorney General
State of New York
615 Erie Blvd. W., Suite 102
Syracuse, NY 13204-2455

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

    Petitioner Regino Reyes, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has commenced this habeas

proceeding to challenge his continued confinement by state authorities. Although his claims are far from clear Reyes, who was convicted in 1996 in both state and federal court for separate offenses, apparently contends that once his federal sentence, which was designated to run concurrently with the earlier imposed and lengthier state court sentence, was fully served he was entitled to release from custody altogether. Respondent, as petitioner's custodian, has opposed the petition based both upon Reyes' alleged failure to exhaust his claims in the state courts before commencing this proceeding, and on the merits.

Because it is readily apparent from the record before the court that the petitioner has not fairly presented to the state courts the claims now being asserted, this proceeding is subject to dismissal, without prejudice, for failure to exhaust. While recommending dismissal on this procedural basis, I also find no merit to petitioner's claims, and therefore recommend their dismissal with prejudice.

I.  BACKGROUND

Petitioner, who is currently in the custody of the New York State Department of Correctional Services ("DOCS"), was convicted on May 16, 1996 in Onondaga County Court, as a result of a guilty plea, of two counts

2

of criminal possession of a controlled substance in the fourth degree. Answer (Dkt. No. 9) Exh. A.  According to the judgment of conviction, the acts giving rise to that conviction were committed on June 3, 1994 and June 28, 1994.  *Id.*  As a result of that conviction, Reyes was sentenced to two consecutive terms of incarceration of between three and nine years each.  *Id.*

Reyes was also convicted in this court on October 23, 1996, again by guilty plea, of unlawful possession of a machine gun.  Answer (Dkt. No. 9) Exh. B.  As a result of that conviction, petitioner was sentenced principally to forty-eight months of incarceration, designated "to run concurrently to [sic]  the state sentence imposed on the defendant on May 16, 1996."  *Id.*  There is no indication in the federal judgment of conviction of any relationship between petitioner's federal conviction and the conduct at issue in the earlier state court proceeding, although the acts giving rise to the drug and gun possession charges occurred in relative temporal proximity; the judgment of conviction reflects that the offense at issue in the federal case concluded on August 17, 1994.  *Id.*

On July 24, 2001, petitioner was convicted in Oneida County Court of attempted promotion of prison contraband in the first degree, and was

3

sentenced to a term of incarceration of between one and one-half and three years as a result of that conviction. Answer (Dkt. No. 9) Exh. C. The sentence imposed as a result of the 2001 Oneida County Court conviction was designated to run consecutively with the "sentence being served." *Id.* The date of the offense which underlies that conviction is stated to be November 20, 2000. *Id.*

II.   PROCEDURAL HISTORY

Petitioner commenced this proceeding on September 26, 2001. Dkt. No. 1. In his petition, Reyes has named Joseph Costello, the superintendent of the facility in which he is currently housed, as the appropriately-named respondent. *See id.*

On April 11, 2002 the court received a response and memorandum of law from the New York State Attorney General, acting on the respondent's behalf. Dkt. Nos. 9, 10. The matter was thereafter referred to me for the issuance of a report and recommendation. After reviewing the petition, I issued an order on or about November 4, 2003 finding that it was improperly filed under 28 U.S.C. § 2241 since Reyes, a state prisoner, was seeking habeas review of the execution of his state sentence. Dkt. No. 11. While concluding that the petition was more

4

appropriately considered under 28 U.S.C. § 2254, I deemed it prudent to point out to Reyes the potential legal significance of converting the petition on any future petition for habeas review, and to offer him the option of either withdrawing his petition or consenting to the conversion. *Id.* By letter dated November 12, 2003, petitioner advised of his consent to the recharacterization of his petition as seeking relief under section 2254. Dkt. No. 12.

This matter, which is now ripe for determination, has been once again referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c). *See also* Fed. R. Civ. P. 72(b).

III. DISCUSSION

    A. Exhaustion Of Remedies

In his opposition to Reyes' petition, respondent argues that the petitioner has failed to satisfy his requirement to exhaust available state remedies before initiating suit in this court seeking habeas review. Respondent bases this argument upon the fact that petitioner neither appealed his May 16, 1996 state court conviction, nor has he commenced any proceeding, whether under Article 78 of the N.Y. Civil Practice Law

and Rules or otherwise, to challenge the sentence calculations associated with his various terms of incarceration.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), requires that before a state inmate may petition for habeas review under 28 U.S.C. § 2254, he or she must first exhaust all available state court remedies or, alternatively, demonstrate that "there is an absence of available State corrective process [or that] circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *see also Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 808 (2d Cir. 2000) (quoting § 2254). The petitioner bears the burden of demonstrating that he or she has exhausted available state remedies before petitioning for habeas relief. *United States ex rel. Cuomo v. Fay*, 257 F.2d 438, 442 (2d Cir. 1958); *Geraci v. Sheriff, Schoharie Cty. Jail*, No. 9:99-CV-405, 2004 WL 437466, at *4 (N.D.N.Y. Feb. 20, 2004) (Sharpe, J.) (citing, *inter alia*, *Cuomo*); *Colon v. Johnson*, 19 F.Supp.2d 112, 119-20 (S.D.N.Y. 1999) (same).

Federal habeas claims asserted by state inmates are deemed exhausted only after having been "fairly presented" to the highest court of

6

the state involved. *Fama*, 235 F.3d at 808-09 (citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971)). Although both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and rectify any violations of federal law. *Daye v. Attorney General of State of New York*, 696 F.2d 186, 191 (2d Cir. 1982). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* at 192.

It is clear that Reyes' quarrel is with the New York State DOCS and its calculation of his prison term after properly integrating the one federal and two state court convictions. The matters now raised by Reyes in his petition are therefore appropriate for consideration by a state court on petition filed pursuant to Article 78 of the N.Y. Civil Practice Law Rules. *See People v. Alba*, 189 Misc.2d 258, 730 N.Y.2d 191 (Sup. Ct. Kings Cty. 2001); *see also Rossney v. Travis*, No. 00 Civ.4562, 2003 WL 135692, at *5 & n.4 (S.D.N.Y. Jan. 17, 2007) (Article 78 correct mechanism to challenge denial of parole), *aff'd*, 93 Fed. Appx. 285 (2d Cir. 2004) (unpublished). Having failed to initiate such a proceeding

before resorting to application to this court for habeas relief, Reyes has failed to comply with the applicable exhaustion requirement. This failure provides a basis for dismissal of Reyes' petition, though without prejudice to his right to reapply for habeas relief after satisfying this requirement.[1]

B.  Merits

In the event this court were inclined to address the merits of Reyes' petition, it appears likely that it would nonetheless be destined for dismissal. To be sure, there is some uncertainty surrounding the petition and the relevant facts associated with it. For example, neither the petition nor respondent's submissions reflect whether petitioner was formally transferred into the custody of the United States Bureau of Prisons to serve the forty-eight month sentence imposed by this court on November 1, 1996. It is likely, however, given that that sentence was designated to run concurrently with his lengthier state sentences, that once sentenced in this court Reyes was transferred back into state custody to serve that sentence. The federal sentence has now expired, and petitioner is plainly a state prisoner being held in the custody of the DOCS pursuant to a state

---

[1] It may be that petitioner will be found to be time-barred from commencing a proper state court challenge. In that event, the claims will be deemed to have been exhausted, and the court will then be required to evaluate whether he has procedurally defaulted on his claims.

sentence.

Another issue upon which there is uncertainty pertains to whether the forty-eight month sentence imposed by this court on November 1, 1996 served to extend his state court sentence, notwithstanding this court's designation that it should run concurrently with the pending, unexpired state court sentence.  Reyes' petition appears to hinge upon his contention that state authorities essentially added the forty-eight month term to the two consecutive sentences meted out in May of 1996 as well as the additional, consecutive sentence of July 24, 2001.   There is no support in the record, however, for the suggestion that this did in fact occur.

It must be recalled that to prevail on his petition, Reyes must establish a violation of a statutory or constitutional right associated with the facts of his claim.  One of the chief concerns raised by the petition is the unlawfulness of being sentenced in two separate courts.  There is, however, no constitutional prohibition against being prosecuted, even simultaneously, in different courts for separate offenses and being sentenced on both of those offenses. *United States v. Ng*, 699 F.2d 63, 68-70 (2d Cir. 1983) (citing, *inter alia*, *United States v. Wheeler*, 435 U.S.

313, 320, 98 S. Ct. 1079, 1084 (1978)). Indeed, it is not uncommon for this to occur.

It is also well established that no double jeopardy implications are presented when state and federal authorities prosecute a defendant for different crimes, even though they may arise out of a common nucleus of facts. *Id.* This, of course, is tempered with the established principle that separate punishments should not be imposed based upon crimes which are so unified that they should be considered as one. *See*, *e.g.*, *People v. Rogers*, 111 A.D.2d 665, 666, 490 N.Y.S.2d 222, 223 (1st Dept. 1985).

In this case, the record now before the court reveals no reason to believe that the conduct giving rise to the three sentences in question are so closely aligned or related that it should not have resulted in separate prosecutions and separate sentences. While it is true that chronologically, the offenses giving rise to the two 1996 convictions are somewhat overlapping, the convictions are for wholly separate offenses – one relating to the possession of drugs, and the other for possession of a machine gun. The third conviction, stemming from petitioner's possession of prison contraband, is obviously wholly unrelated to the prior two. In short, there is no due process or double jeopardy violation associated with

10

petitioner being convicted and sentenced separately on the three separate crimes involved.

The petitioner may be arguing that when he was sentenced by this court, the federal government exercised primary jurisdiction over him, and that at the completion of that sentence he was subject to release. A release from custody under those circumstances is neither required nor appropriate, however, when there remains an unserved portion of a sentence imposed by another jurisdiction, whether in a separate federal court or in state court. In such a case, upon the fulfillment of a federal prison sentence the prisoner is merely returned to that jurisdiction to serve the balance of the unserved term.² The fact that the state's primary jurisdiction <u>may</u> have temporarily yielded to the federal government in view of this court's sentence does not mean that upon satisfying that sentence petitioner was not subject to return to New York State for completion of its sentence. *Alba,* 189 Misc.2d at 265 n.3, 730 N.Y.S.2d at 196 n.3.

---

² I note that to the extent the petitioner is seeking habeas review of his state court sentences, that argument would be foreclosed based upon his failure to exhaust. In any event, habeas relief is generally unavailable to review a state sentence which is imposed within the normal limits available under state statute. *See, e.g.*, *Brumfield v. Stinson*, 297 F.Supp.2d 607, 622 (W.D.N.Y. 2003); *Briggs v. Phillips*, No. 02 Civ.9340, 2003 WL 21497514, at *7 (S.D.N.Y. June 30, 2003).

11

IV.     SUMMARY AND RECOMMENDATION

Petitioner, who challenges the interplay between sentences rendered in this court and in New York, has failed to exhaust available remedies by first fairly presenting the issue to the New York State courts. Reyes' petition is therefore subject to dismissal, without prejudice, on this basis.  Turning to the merits, I discern no constitutional or statutory violation stemming from the requirement that Reyes serve both a 1996 federal sentence and two consecutive sentences rendered in the New York State courts in May of 1996 and a subsequent, consecutive sentence from Oneida County in 2001.  I therefore recommend dismissal of the petition on the merits.

Based upon the foregoing it is hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

David E. Peebles
U.S. Magistrate Judge

Dated:  September 19, 2005
        Syracuse, NY